# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES BAPTIST, | ) |
| *Plaintiff*, | ) No. 13 C 8974 |
| V. | ) |
| | ) Hon. Virginia M. Kendall |
| FORD MOTOR COMPANY, | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Baptist ("Baptist") filed a complaint in the Circuit Court of Cook County, Illinois, alleging that Defendant Ford Motor Company ("Ford") terminated his employment in retaliation for filing a workers' compensation claim in violation of Illinois common law. After Ford removed the case to this Court, *see* (Dkt. No. 2), this Court granted summary judgment for Ford finding that "Baptist failed to provide evidence that would allow a reasonable jury to find that Ford's decision to terminate him was primarily retaliatory." (Dkt. 66) The Seventh Circuit reversed and remanded finding that a triable issue existed over the cause of the discharge. 827 F.3d 599 (7th Cir. 2016). The Court presided over a 7-day jury trial and the jury returned a verdict finding that Baptist failed to prove, by a preponderance of the evidence, that Ford discharged him in retaliation for making a request for workers' compensation benefits. *See* (Dkt. No. 180). Baptist filed this Motion for a New Trial, (Dkt. No. 181), arguing primarily that the jury instructions given were in error. For the reasons set forth below, the Court denies the motion. [181.]

## BACKGROUND

Ford hired Baptist in 2012 to operate a forklift at its assembly plant in Chicago, Illinois.[1] Three months into the job, Baptist injured his wrist while working and he sought medical assistance. Between numerous medical visits, the lingering injury, and Baptist's belief that he could not operate a forklift, Baptist took days off from time to time. At one point this included a one-month suspension by Ford because of his absence from work. Upon returning from the suspension, Ford's labor representative told Baptist he would have to return to his forklift position—a work placement he feared would exacerbate his injury—and so he did not report to work for the next three days. Ford subsequently terminated Baptist's employment claiming the three consecutive absences violated the terms of Ford's Collective Bargaining Agreement. The jury heard from the Plaintiff and numerous witnesses regarding the actions of Baptist and Ford. The jury judged the credibility of the witnesses and weighed the evidence and then concluded that Baptist had not proved his case of retaliation. None of the witnesses' testimony or the admitted exhibits is in question in this motion. Baptist solely challenges three jury instructions, the Court's gate-keeping ruling that the issue of punitive damages should not have gone to the jury, and the Court's discovery sanction which limited the number of years for which he could seek backpay due to his failure to disclose prior work ventures and income.

## LEGAL STANDARD

Rule 59(a) is a limited rule requiring that district courts only grant a new trial upon a showing "the verdict is against the manifest weight of the evidence, ... or if for

---

[1] The facts leading up to trial are taken from the Court's order on summary judgment and the decision of the Seventh Circuit. *See* (Dkt. Nos. 66; 84).

other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012); *see also Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010). The moving party must show "that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks the conscience." *Davis v. Wisconsin Dept. of Corrections*, 445 F.3d 971, 979 (7th Cir. 2006). The moving party bears a heavy burden under 59(a) of establishing the need for a new trial. *See Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008 (quoting *Smith v. Northeastern Ill. Univ*., 388 F.3d 559, 569 (7th Cir. 2004). Federal courts will not" set aside a jury verdict if a reasonable basis exists in the record to support the verdict , viewing the evidence in the light most favorable to the prevailing party, and leaving issue of credibility and weight of the evidence to the jury." Id. Reviewing courts are "particularly careful in employment discrimination cases to avoid supplanting [its] own view of the credibility or weight of the evidence for that of both the jury (in its verdict) and the judge (in not interfering with the verdict)." *Pickett*, 610 F.3d at 440 (quoting *Hybert v. The Hearst Corp.*, 900 F.2d 1050, 1054 (7th Cir. 1990).

When a litigant challenges the jury instructions given to the jury, first the Court determines whether he objected to the presentation of the instructions and if he failed to object then he waived his right to attack them on appeal. In order to prevent a waiver and to preserve the issue, a party wishing to appeal an erroneous jury instruction to object in open court on the record before the jury retires, "stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ.P. 51; *LeBlanc v. Great Western Express*, 58 Fed.Appx. 221, 224 (7th Cir. 2003). If he objected, then the Court looks at all of the

instructions as a whole and determines whether they were sufficient to inform the jury of the applicable law. *See Spiller v. Brady*, 169 F.3d 1064, 1066 (7th Cir. 1999).

**DISCUSSION**

In support of his Motion for a New Trial, the Plaintiff argues that he was denied a fair trial because (1) the Court gave three jury instructions that he believes misstated the law; (2) the Court did not allow the issue of punitive damages to go to the jury; and (3) the Court erred by limiting the amount of lost wages he could present to the jury. *See generally* (Dkt. No. 181). .

I. **Jury Instructions**

The district court has discretion in fashioning jury instructions that accurately state the law and do not confuse the jury. *Schobert v. Illinois Dept. of Transp.*, 304 F.3d 725, 729 (7th Cir. 2002). A movant is entitled to a new trial based on jury instruction issues "if the instructions did not sufficiently inform the jury of the applicable law *and* the instructions prejudiced the [non-moving party]." *E.E.O.C. v. AutoZone, Inc.*, 809 F.3d 916, 922 (7th Cir. 2016). Accordingly, even where the jury is confused or misled, a new trial is warranted only where there is evidence that the non-moving party was prejudiced by the improper jury instruction. *See Jiminez v. City of Chicago*, 732 F.3d 710, 717 (7th Cir. 2013). Jury instructions need not be an "idealized set of perfect jury instructions," but they must be correct legal statements and a reviewing court will not reverse a jury verdict unless the instruction is "so misleading that a party was prejudiced." *Schobert*, 304 F.3d at 730.

The Plaintiff argues three instances where he believes the jury instructions warrant a new trial: (1) Illinois Pattern Instructions 250.01 and 250.02, and the proximate

cause instruction improperly instructed the jury to consider whether the Plaintiff's filing of a workers' compensation claim was *the* proximate cause rather than *a* proximate cause of the Plaintiff's discharge; (2) the inclusion of a pretext instruction shifted the burden of proving the legitimacy of the Defendant's stated reason for discharge from the Defendant to the Plaintiff; and (3) the use of the Seventh Circuit Pattern Instruction 1.14 regarding prior inconsistent statements prejudiced him. *See* (Dkt. No. 181, at 1-6). The Plaintiff properly objected to each of the jury instructions during the jury instruction conference held on the record on April 6, 2017.

### A. *The Court Properly Instructed the Jury on Proximate Cause*

Baptist alleges that the jury instructions were wrong because they misstated that he needed to show that the retaliation was the cause of his firing. Both the Illinois Supreme Court and the Seventh Circuit have rejected Plaintiff's assertion that he was only required to show that the retaliation was "a" proximate cause of the discharge. *See Michael v. Precision All. Grp., LLC*, 21 N.E.3d 1183, 1190 (Ill. 2014); *Phillips v. Cont'l Tire the Americas*, 743 F.3d 475, 477 (7th Cir. 2014). Here, the instructions submitted to the jury, to which the Plaintiff objects, stated as follows:

> ... (4) Ford denies that Mr. Baptist was discharged for the reasons he claimed, denies that Mr. Baptist's discharge was *the* proximate cause of his claimed damages, and denies that Mr. Baptist was damaged to the extent claimed...

And,

> ... Fifth, that the reason stated in paragraph three above, that he made a request for compensation benefits, was *the* proximate cause of his discharge and resulting damages...

*See* (Dkt. No. 181, Ex. A) (emphasis added). For the same reason, the Plaintiff disagrees with the inclusion of the proximate cause jury instruction, which stated:

5

> When I use the expression "proximate cause," I mean *the* cause that in the natural or ordinary course of events produced the plaintiff's injury.

*Id.* (Emphasis added). Baptist argues by changing the text from "a" to "the" the Court increased his burden of proof beyond what is required under Illinois law.

Because the ultimate issue is the employer's motive in discharging an employee, a plaintiff must do more than show that he filed a worker's compensation claim and then was fired; he must show more than a discharge in connection with the filing of the claim. *Phillips*, 743, F.3d at 477. "It's not enough for the Plaintiff to establish that his workplace injury and initiation of a worker's compensation claim set in motion a chain of events that ended in his discharge." *Hillmann v. City of Chicago*, 834 F.3d 787, 794 (7th Cir 2016). "That is, but-for causation is necessary *but not sufficient* to prove the causation element of a retaliatory discharge claim." *Id.* (emphasis added) Illinois Courts have rejected the argument that but-for causation is enough to establish retaliatory discharge. *See Casanova v. Am. Airlines, Inc.*, 616 F.3d 695, 698 (7th Cir 2010). An employee must show that he was "terminated *because* of his actual or anticipated exercise of workers' compensation rights." *Beatty* 693 F3d. 753 (7th Cir. 2012)(quoting *Clemons v. Mech, Devices Co.* 704 N.E.2d 403, 406 (Ill.1998).

The Illinois Supreme Court has specifically stated that the trier-of-fact must find that retaliation was the proximate cause of the discharge and its failure to do so results in a failure to show causation. *See Michael*, 21 N.E.3d at 1190. Baptist's reliance on *Holland v. Schwan's Home Service, Inc.*, a 2013 decision of the Appellate Court of Illinois, is unavailing. 992 N.E.2d 43, 76-77 (Ill. App. 2013). The Illinois Supreme Court decided *Michael* after the appellate court decided *Holland* and we assume that the Illinois Supreme Court had the benefit of reading *Holland* and rejected it when it reached

its conclusion. Because the jury instructions correctly stated the law regarding proximate cause, those instructions could not have increased Plaintiff's burden of proof as he alleges nor does he explain how this could be so As such, the modified jury instructions—changing "a" to "the"—correctly stated the law in both Illinois and this circuit regarding the causation element in retaliatory discharge claims; and as such, the corresponding proximate cause definition—explaining the term as "the cause" —was also proper.

### B. *The Court properly instructed the jury regarding pretext*

Next, the Plaintiff takes issue with the instruction on pretext, which stated:

> Ford states Mr. Baptist was fired for absenteeism and not for filing the workers' compensation claim. Mr. Baptist claims that this stated reason is merely pretextual. In order for you to find Ford's stated reason is pretextual, you must find that absenteeism was not the cause of the discharge, in short, that Ford's stated reason for the discharge was a lie.

*See* (Dkt. No. 181, Ex. B). He believes this instruction was highly prejudicial because it impermissibly shifted the burden of proof to him to show that the Defendant's reason for discharging him was pretextual. The Plaintiff also notes that the Illinois Pattern Instructions do not provide for a pretext instruction.

As has been the case since *Clemons*, Illinois does not apply the *McDonnell Douglas* burden-shifting framework commonly applied in federal retaliation cases. 704 N.E.2d at 408; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630-31 (7th Cir. 2011). An employee must satisfy the elements of retaliatory discharge through the parameters of traditional tort law. *See Michael*, 21 N.E.3d at 1189. An employer may still provide evidence that the employee was guilty of conduct justifying the discharge and the employee. *See Netzel v. United Parcel Service, Inc.*, 537 N.E.2d 1348, 1350 (Ill. App. 1989). In other words, it is up to the Defendant to provide a legitimate—or nonpretextual—reason for its

7

decision to terminate the employee. *Gordon*, 674 F.3d at 774; *see also Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728 (1992). If a defendant offers an allegedly legitimate reason, "the ultimate issue to be decided is the employer's motive in discharging the employee." *Id*. at 730. Thus the trier-of-fact is left to decide whether an employer's motives were true or whether they were pretextual, and that the real purpose behind the discharge was in fact because an employee filed a workers' compensation claim.

Essentially, Baptist argues that because there was no pretext instruction in the Illinois pattern instructions, it is error to give one. But as long as the Court instructs the jury correctly under the law, no such prohibition exists. *See, e.g, Ineichen v. Ameritech*, 410 F.3d 956, 961 (7th Cir. 2005) ("the only question is whether the employer's proffered reason was pretextual, meaning that it was a lie").[2] As noted during the Final Pretrial Conference, a federal court sitting in diversity must instruct a jury on the proper elements of a cause of action under the appropriate state substantive law, but the court is not required to follow state "pattern" instructions. *See* (Dkt. No. 152, at 128); *see also Platis v. Stockwell*, 630 F.2d 1202, 1207 (7th Cir. 1980). Because the instruction is merely definitional and properly states the law, the Plaintiff was not prejudiced by its inclusion.

---

[2] *See also Harper v. C.R. England, Inc.*, 687 F.3d 297, 311 (7th Cir. 2012) ("[I]n determining whether an employer's stated reason is pretextual, the question is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honest believed the reason it has offered to explain the discharge … [r]ather, the only question is whether the employer's proffered reason was pretextual, meaning that it was a lie"); *Liu v. Cook Cty.*, 817 F.3d 307, 316 (7th Cir. 2016) ("[t]he burden is on the plaintiff to offer evidence that her employer's stated nondiscriminatory reason was a lie intended to mask unlawful discrimination"); *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 298 (7th Cir. 2010) ("[a]n unwise employment decision does not automatically rise to the level of pretext; rather, a party establishes pretext with evidence that the employer's stated reason or the employment decision was a lie—not just an error, oddity, or oversight") (internal quotations omitted).

### C. The Court Properly Instructed the Jury Regarding Inconsistent Statements

The final issue the Plaintiff raises with the jury instructions was the Court's inclusion of Seventh Circuit Pattern Instruction 1.14 – the standard instruction given regarding prior inconsistent statements by party and non-party witnesses. In arguing against admission of this instruction the Plaintiff misconstrued the Seventh Circuit Pattern Instruction commentary and the course of the proceedings, and so no prejudice resulted by the Court giving the instruction.

Baptist incorrectly reads the Committee Comments and misstates the law as to this instruction. There is a distinction between a party witness and a non-party witness. A prior inconsistent statement by a party is an admission that is received as substantive evidence whether it is made under oath or not due to the party being a party opponent. *See* Fed. R. Evid. 801(d)(2)(A)-(E). The same inconsistent statement if spoken by a non-party qualifies as substantive evidence only it is made under oath; otherwise it can only be used to impeach the credibility of the witness." *U.S. v. DiSantis*, 565 F.3d 354 (7th Cir. 2009) (quoting *U.S. v. Dietrich*, 854 F.2d 1056, 1061 (7th Cir. 1988); Fed. R. Evid. 801(d)(1)(A).

The given instruction properly stated the law: the jury could use Mr. Baptist's out-of-court statements as party-opponent testimony for both purposes (for the truth of the matter asserted, and as to his credibility on the witness stand); but they were limited to using non-party witness out-of-court statements not given under oath only for the purpose of challenging credibility.

The Committee Comments were entirely in keeping with these rules of evidence and were correct and standard statements of the law. No limiting instruction was

9

necessary and regardless, Plaintiff made no request for one, most likely recognizing that no such limiting instruction applied here.

### II. The Court properly ruled that the record did not support the punitive damages instruction

Plaintiff alleges that the Court erred by failing to submit the issue of punitive damages to the jury. *See* (Dkt. No. 181, at 6-12). There must be facts set forth in the record before a Court can present a jury instruction on a legal issue. "While the measurement of punitive damages is a jury question, the preliminary question of whether the facts of a particular case justify the imposition of punitive damages is properly one of law." *Kelsay v. Motorola, Inc.* 74 Ill. 172, 186, 384 N.E.2d 353, 359 (1978). Here, in its discretion, the Court found that there were no facts that supported that the defendant retaliated with "fraud, actual malice, deliberate violence or oppression, or acted willfully with such gross negligence as to indicate wanton disregard for the rights of others." *Id.* The jury clearly agreed and found the Defendant was not liable and therefore inherently agreed that no damages were necessary, certainly punitive damages were not. At a bare minimum, since the jury found for the defendants on the issue of liability, the lack of the instruction was harmless.

Whether or not the issue of punitive damages went to the jury cannot be substantial or injurious where the jury did not reach the issue of damages. *See, e.g., Groom v. Days Inn of America, Inc.*, 62 F.3d 204, 208 (7th Cir. 1995) (upholding a jury verdict where an alleged abuse of discretion was harmless error because the objected issue went to damages and the jury found no liability). Furthermore, under Illinois law, punitive damages are only appropriate "when torts are committed with fraud, actual

malice, deliberate violence or oppression, willfulness [sic], or such gross negligence as to indicate a wanton disregard of others' rights," *see Paz v. Commonwealth Edison*, 314 Ill. App.3d 591, 601 (2000), and it is a question of law properly decided by the Court to determine whether the facts of a particular case justify the imposition of punitive damages. *See Kelsay*, 384 N.E.2d at 359; *see also Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761 (7th Cir. 1994) (agreeing with *Kelsay*).

### III. The Court Correctly Placed a two-year cap on Plaintiff's damages due to discovery violations

The Court imposed a limit on the evidence that could be presented to the jury regarding damages because the Court found that Baptist concealed from and actively misrepresented to both the Court and the Defendants the existence of a number of business ventures which would have clearly impacted the damages numbers that Baptist wanted to present to the jury. Baptist repeatedly told the Defendants and the Court that he had not earned any income from business ventures. Then at trial he provided pages of documents that showed that his business had secured numerous jobs and that he had collected nearly $50,000 from customers for these jobs. The Court noted that it would cap the damages at two years and that doing so was a gift because the Court could most certainly have exercised its inherent authority to exclude any of the damages evidence since it was based on misrepresentations to the Court and Defendants and the Defendants were never given an opportunity to explore the other sources of income. There can be no miscarriage of justice when the Court preserves the integrity of the judicial process by sanctioning improper discovery violations *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); 37(c)(1)(C). Regardless, any argument that he was harmed from such a limitation is baseless since the

jury never even turned to damages after finding for the Defendant on the issue of liability.

## CONCLUSION

For the reasons outlined above, the Court properly instructed the jury on the law and there is no violation that deprived him of his right to a fair trial and therefore the Court denies Baptist's Motion for a New Trial. [181.]

_____
Hon. Virginia M. Kendall
United States District Judge

Date: March 28, 2018